IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC., ) | Civil Action No.: 3:14-cv-00154-WHR |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CYNTHIA E. BEATY, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Now comes Defendant, CYNTHIA E. BEATY by and through undersigned counsel, and in response to <u>Plaintiff's Motion to Strike Defendant's Untimely and Legally Insufficient Answer and Affirmative Defenses</u>, states as follows:

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Malibu Media, a pornographic website business and apparent professional copyright infringement litigant, filed the instant suit alleging copyright infringement of various pornographic movies, against a single John Doe defendant identified only by an IP address on May 16, 2014 [CM/ECF 1]. Plaintiff then sought and was granted leave to issue a third-party

**THE KOLLIN FIRM, LLC**
**2372 Lakeview Dr., Ste H**
**Beavercreek, Ohio 45431**
**TEL: 937-490-4700**
**FAX: 937-490-4666**
**www.kollinfirm.com**
**kollin@kollinfirm.com**
**cox@kollinfirm.com**

subpoena to the relevant Internet Service Provider ("ISP") that assigned the IP address at issue in their original complaint [CM/ECF 7].  The ISP returned the subpoena identifying to the Plaintiff the billing contact associated with the account that was assigned to the IP address at issue.  Without any additional discovery, Plaintiff then filed an amended complaint naming the account billing contact, Cynthia Beaty, as the Defendant [CM/ECF 11].  Personal service of the Amended Complaint was perfected upon the Defendant on October 25, 2014 [CM/ECF 15].  Plaintiff filed a Motion for Default Judgment on December 9, 2014 [CM/ECF 16] and Entry of Clerk's Default on December 10, 2014 [CM/ECF 17].

Upon service of this Motion for Default Judgment, Defendant became aware of the nature of the proceeding against her and retained undersigned counsel.  Undersigned counsel immediately attempted to contact Plaintiff's counsel, Yousef Faroniya, both by telephone and fax. [Exhibit A]  After multiple unsuccessful attempts to contact Plaintiff's counsel as required by the local rules, Defendant, by and through counsel, filed a Motion for Leave to File Answer Out of Time [CM/ECF 19], which is still pending before the Court, and Answer to Plaintiff's Complaint [CM/ECF 18] on December 23, 2014.  Plaintiff's counsel finally replied to undersigned counsel on December 28, 2014 stating that he was unable to call due to the fact that he was out of the country.  [Exhibit B]

On January 14, 2015, Plaintiff filed Plaintiff's Motion to Strike Defendant's Untimely and Legally Insufficient Answer and Affirmative Defenses [CM/ECF 20].  Plaintiff's counsel bases his Motion to Strike under Rule 12(f) "not only because Defendant's pleading was untimely filed without leave of court during the pendency of a motion for default, but because all twenty one of Defendant's proffered affirmative defenses, are as a matter of law, inadequately pleaded and legally insufficient." [CM/ECF at ¶ 5]

The Kollin Firm, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL:  937-490-4700
FAX:  937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

## II. ARGUMENT IN OPPOSITION

**A. Legal Standard and Analysis of Rule 6(b) of Federal Rules of Civil Procedure and Excusable-Neglect.**

Rule 6(b) of the Federal Rules of Civil Procedure provides that when a party moves the court to accept a filing after the relevant deadline, the court may do so upon "motion made after the time has expired if the party failed to act because of excusable neglect." Fed R. Civ. P. 6(b)(1)(B). The meaning of "excusable neglect" was examined in depth by the United States Supreme Court in *Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380 (1993). The Court recognized that "excusable neglect" was an elastic concept and under that concept, a court "is permitted, where appropriate, to accept late filings caused by inadvertence, mistakes, or carelessness, even when an adequate excuse is not tendered." Id. At 388. See also, *Amick v. Ohio Department of Rehabilitation & Corrections,* No. 2:09-cv-812, 2011 WL 4055246, *2 (SD Ohio, Sept. 8, 2011) and *Tolliver v Liberty Mutual Fire Insurance Company*, No. 2:06-cv-00904, 2008 WL 545018, *1 (SD Ohio February 25, 2008). In *Nafziger et al v. McDermott International*, the United States Court of Appeals for the Sixth Circuit stated that the governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger et al v. McDermott International*, 467 F. 3d. 514, 522 See *Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395.

THE KOLLIN FIRM, LLC

2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

On the issue of timeliness, Plaintiff cites to four cases which state that this Court has repeatedly held that pleadings that are not timely filed and for which the Court has not granted an extension or leave to file out of time are routinely stricken: *Jones v. Warden Ross Correctional Institution*, No. 2:11-cv-871, 2012 WL 3245521, *1 (SD Ohio August 9, 2012), *Amick v. Ohio Department of Rehabilitation & Corrections,* No. 2:09-cv-812, 2011 WL 4055246, *2 (SD Ohio, Sept. 8, 2011), *Tolliver v Liberty Mutual Fire Insurance Company*, No. 2:06-cv-00904, 2008 WL 545018, *1 (SD Ohio February 25, 2008), and *K.N.H. v. Commissioner of Social Security*, No. 3:07-cv-1738, 2008 WL 4559711, *2 (ND Ohio October 7, 2008). A careful review of each of these cases, especially *Amick* and *Tolliver,* shows that the Plaintiff assertion that the Defendant's Motion for Leave to File Out of Time and Answer should be stricken either completely ignores or disregards the necessity of evaluating the factors governing excusable-neglect as set forth first in *Pioneer* and later in *Nafziger.*

In *Jones*, the question before the Court is whether the Court should strike a pleading which the Rules of Civil Procedure do not permit. *Jones v. Warden Ross Correctional Institution*, No. 2:11-cv-871, 2012 WL 3245521, *1 (SD Ohio August 9, 2012 and in *K.N.H*, the Court simply discusses the obvious fact that opposing memoranda must be filed within a prescribed time unless leave is granted by the Judicial Officer to file outside of the prescribed time. *K.N.H. v. Commissioner of Social Security*, No. 3:07-cv-1738, 2008 WL 4559711, *2 (ND Ohio October 7, 2008).

Neither of these cases have any analysis of the "excusable-neglect" standard; just a result which fits the Plaintiff's narrative of his motion. As stated in the Defendant's Motion for Leave to File Out of Time, the Defendant recently became aware of the nature

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

4

of the proceeding and immediately retained Counsel once she received service of the Motion for Default Judgment [CM/ECF 3]. The Defendant asserts that she did not understand the nature of the complaint; however, a Motion for Default Judgment is pretty self-explanatory and she immediately took steps to obtain counsel and defend herself against the Plaintiff's allegations.

The remaining cases cited by the Plaintiff have an extensive discussion of the factors in determining "excusable neglect". *Amick* focuses primarily on the second and third factors of the excusable neglect determination: "the length of the delay and its potential impact on judicial proceedings" and "the reason for the delay". *Tolliver* discusses the reason for the late filing, specifically the "carelessness" reason of Rule 6(b) of the Federal Rules of Civil Procedure, as well as the preference for trying the case on its merits.

The delay in the *Amick* case was almost one year and was exacerbated by a lapse of two months between time counsel entered an appearance and the filing of the answer. The Court determined this delay would be too prejudicial to the Defendants. The Court also determined that granting an extension to file out of time without a plausible reason for doing so would make it "impossible to differentiate between cases where a party has been neglectful of the duty to respond timely to a complaint, but can articulate some arguable basis for obtaining additional time, and a case where a party seeks to excuse the total failure to act over a period of many months for essentially no reason at all." *Amick v. Ohio Department of Rehabilitation & Corrections,* No. 2:09-cv-812, 2011 WL 4055246, *3 (SD Ohio, Sept. 8, 2011).

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

*Tolliver* addresses each of the factors through the lens of "carelessness" as well as the federal courts preference for trials on the merits of a case. Counsel for the defendant in this case failed to calendar the answer date which the Court described as "carelessness". The answer was submitted after a two month delay. The Court determined that the delay in tendering the answer did not prejudice either the plaintiff or the Court in its ability to resolve the litigation in a timely manner and that there was no evidence that the defendant did not act in good faith. The Court found that given the circumstances and the flexible nature of "excusable neglect" articulated in in *Pioneer*, it was appropriate to permit a late answer to be filed. *Tolliver v Liberty Mutual Fire Insurance Company*, No. 2:06-cv-00904, 2008 WL 545018, *1 (SD Ohio February 25, 2008). The Court also discusses the "strong preference for trials on the merits in federal courts" which has been consistently articulated in the decisions from the United States Court of Appeals for the Sixth Circuit. *Id.*

In his Motion to Strike, the Plaintiff asserts that the "Defendant has blatantly ignored these proceedings for months." [CM/ECF 20, Pg 4]. He presumes that the Defendant "sat idly by, hoping the case would just go away." *Id.* Additionally, Plaintiff inaccurately claims that the "Defendant casually filed her answer, without attempting to confer with undersigned and without obtaining requisite leave of the court. [CM/ECF 20, Pg. 1 Footnote 1, and Pg. 5]. Finally, Plaintiff states that Defendant is attempting to excuse her untimeliness and disregard for the Federal Rules of Civil Procedure by disingenuously claiming that she recently became aware of the nature of the proceeding and immediately retained counsel. *Id.*

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

As far as Counsel for the Defendant is aware, Plaintiff's counsel has never met, spoken, or otherwise had any interaction with the Defendant.  As such, it is impossible, and frankly irresponsible, for him make the above assertions regarding the actions the Defendant has taken in this case up to retaining counsel.  The Defendant admits she is not a technologically savvy individual, nor does she have some innate knowledge on how the Federal Court system operates.  The is the 180 degree opposite of the Plaintiff, which is known for affirmatively filing thousands of suits for copyright infringement of their pornographic movies nationwide, and its counsel, which has filed multiple suits on the Plaintiff's behalf in this district alone and has an entire webpage dedicated to him on a "copyright troll" blog site.  As stated above and in the Defendant's Motion for Leave, she did not understand the nature of the complaint; however, a Motion for Default Judgment is self-explanatory even to a lay person and the Defendant immediately took steps to obtain counsel and defend herself against the Plaintiff's allegations.

In regards to the assertion that the Defendant casually filed her Motion for Leave and Answer without conferring with Plaintiff's counsel, it appears that Counsel is completely forgetting that he failed to respond to multiple attempts to contact him prior to Counsel for the Defendant filing the Motion and Answer.  Upon being retained on December 17th, Defendant's Counsel immediately attempted to contact the Counsel for the Plaintiff via phone and fax and continued to do so up until the point that the Motion and Answer were filed on December 23, 2014, a full six days without a response from Plaintff's counsel. [Exhibit A]  It was not until December 28, 2014 when Plaintiff's Counsel finally replied in a voice mail stating that he had been unable to respond due to being out of the country. [Exhibit B].   Plaintiff's counsel wants to cry foul; however, it is

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL:  937-490-4700
FAX:  937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

7

common sense that he should have found coverage for his active cases to address any issues may arise if he is going to be out of his office for an extended period of time.

The Defendant's actions to defend herself, or lack thereof, are clearly a result basic lack of knowledge of her responsibilities in answering a complaint under the Federal Court system, or at worst, carelessness. In *Tolliver*, the Court found that carelessness by the defendant's was not fatal to the defendant's ability to defend itself against the plaintiff's complaint. If an attorney's carelessness was determined by the Court to be excusable neglect, it is impossible to fathom how the present Defendant would be treated more harshly.

Unlike *Amick*, where the delay was almost one year, the present case is almost exactly like *Tolliver*: a delay of nearly two months from the receipt of service and the filing of the Defendant's Motion for Leave and Answer. The complaint was served upon the Defendant on October 25, 2014 and the Defendant's Motion for Leave and Answer were filed on December 23, 2014, approximately thirteen days after Plaintiff's Motion for Default Judgment and prior to any ruling on said judgment by this Court. This delay is not the "months" that the Plaintiff would have the Court believe and one of the main concerns of articulated by the Court in *Amick*. It is only two months. Applying the rationale of *Tolliver*, it is impossible for it to appear that the "delay in tendering an answer will prejudice either the Plaintiff or the Court in its ability to resolve this litigation in a timely fashion". *Tolliver v Liberty Mutual Fire Insurance Company*, No. 2:06-cv-00904, 2008 WL 545018, *1 (SD Ohio February 25, 2008).

Finally, it appears that Plaintiff's counsel is trying to completely ignore the "strong preference for trials on the merits in federal courts." *Tolliver v Liberty Mutual*

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

*Fire Insurance Company*, No. 2:06-cv-00904, 2008 WL 545018, *1 (SD Ohio February 25, 2008, citing *Shepard Claims Service v William Darrah & Associates*, 796 F.2d 190, 193 (1986). The United States Court of Appeals for the Sixth Circuit has consistently articulated this preference in its decisions. *Id.* The Plaintiff does not make an argument as to why the Defendant should not be able to defend herself; in fact, nowhere in his Motion to Strike does Plaintiff's counsel even address this issue. Although she may be late in doing so, the Defendant is taking the necessary steps to have her day in court and a trial on the merits of the Plaintiff's case.

B. **Legal Standard and Analysis of a Motion to Strike Affirmative Defenses Under Rule 12(f) of the Federal Rules of Civil Procedure**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court, on its own or upon motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12 (f)*. The Sixth Circuit Court of Appeals has recognized that "the action of striking a pleading should be sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when the "pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp v. United States*, 201 F.2d. 918, 822 (6th Cir., 1953); see also *Morrow v. South*, 540 F.Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored and should not be granted unless it is apparent that the matter has no possible relation to the controversy.") This Court has previously stated that "a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on the merits." *United Stated v. Pretty Prod., Inc.*, 780 F.Supp. 1488, 1498 (S.D. Ohio 1991). Conversely, courts have found that when dealing with affirmative defenses

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

9

motions to strike "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Id.*, quoting *United States v Marisol, Inc.,* F. Supp. 833, 836 (M.D. Pa. 1989).

The Plaintiff's Motion to Strike asserts that the three part test set forth in *HCRI TRS Acquirer, LLC v. Iwer* provides Sixth Circuit precedent to determine whether an affirmative defense survives a Rule 12(f) motion to strike. [CM/ECF Pg. 3]. This three part test is as follows: "First, the matter must be properly pleaded as an affirmative defense. Second, the affirmative defense must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9. Finally, the affirmative defense must be able to withstand a Rule 12(b)(6) challenge." *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp2d 687, 690 (N.D. Ohio 2010.)

This three part test is the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those cases held that "a complaint must contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007).

There is one major problem with the Plaintiff's assertion. Namely, the Sixth Circuit Court of Appeals has not expressly held that the heightened pleading standards set forth in *Twombly* and *Iqbal* applies to affirmative defenses. *Hiles v. Army Review Board Agency*, No. 1:12-cv-673, 2014 WL 7005244 (S.D. Ohio 2014) (citing *Peters v. Credit Protection Ass'n LP*, No. 2: 13-cv-767, 2014 WL 1049913 (SD Ohio Mar. 14, 2014) and *Shreve v. Franklin County, Ohio*, Nos. 2:10-cv-644, et al, 2012 WL 1580936 at *1 (SD

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

Ohio May 4, 2012). In fact, the present Plaintiff was plaintiff in a case where a district court in the Sixth Circuit determined that this heightened pleading standard **does not** apply. See *Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902 at *2 (ED Mich. June 12, 2014).

The fact that the Sixth Circuit has not expressly held that the heightened pleading standard applies has been interpreted by district courts within the circuit to mean that "the Sixth Circuit does not require that affirmative defenses show that that the pleader is entitled to relief." *Chiancone v. City of Akron*, 2011 WL 4436587 at *3 (ND Ohio September 23, 2011). This is consistent with other Sixth Circuit Court of Appeals holdings such as *Montgomery v. Wyeth*, 580 F.3d. 455 (6th Cir. 2009). In this case, the Court held that "the Federal Rules of Civil Procedure do not require a heightened pleading standard for a statute of repose defense…Further, an affirmative defense may be pleaded in general terms and will be held to be sufficient…as long as it gives plaintiff fair notice of the nature of the defense." *Montgomery v. Wyeth*, 580 F.3d. 455, 468 (6th Cir. 2009) (citing *Lawrence v Chabot*, 182 Fed. Appx. 442 456 (6th Cir. 2006) quoting *5 Wright & Miller, Federal Practice and Procedure § 1274*).

It must be mentioned that District Courts within the Sixth Circuit and judges within the Southern District of Ohio have reached different resolutions to the issue of whether the *Twombly-Iqbal* heightened pleading standard applies to affirmative defenses. A number of judges have determined that the *Twombly-Iqbal* heightened pleading standard applies. See *Edizer v Muskingum Univ.*, No. 2011-cv-799, 2012 WL 4499030 (SD Ohio Sept. 28, 2012); *Nixon v. Health Alliance*, No. 1:10-cv-00338, 2010 WL 5230867 (SD Ohio Dec. 16, 2010); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

(ND Ohio 2010). Other judges have declined to apply the heightened standard to defenses. See *Hiles v. Army Review Board Agency*, No. 1:12-cv-673, 2014 WL 7005244 (S.D. Ohio 2014); *Peters v. Credit Protection Ass'n LP*, No. 2: 13-cv-767, 2014 WL 1049913 (SD Ohio Mar. 14, 2014); *Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902 at *2 (ED Mich. June 12, 2014); and Sprint Solutions, Inc. v. Shoukry, No. 2:14-cv-00127, 2014 WL 5469877 at *2 (SD Ohio Oct. 28, 2014).

Counsel for the Plaintiff specifically refers to the *HCRI TRS Acquirer* and *Nixon* cases in his Motion to Strike and bases his arguments upon the holdings in those cases that the *Twombly-Iqbal* heightened pleading standard applies to affirmative defenses. However, two recent Southern District of Ohio decisions, *Hiles v. Army Review Board Agency*, No. 1:12-cv-673, 2014 WL 7005244 (S.D. Ohio 2014) and *Peters v. Credit Protection Ass'n LP*, No. 2: 13-cv-767, 2014 WL 1049913 (SD Ohio Mar. 14, 2014), find that "it is appropriate to apply the fair notice pleading standard for affirmative defenses expressly espoused by the Sixth Circuit prior to *Twombly* and *Iqbal*." See *Hiles v. Army Review Board Agency*, No. 1:12-cv-673, 2014 WL 7005244 at *2 (S.D. Ohio 2014) (citing *Lawrence v Chabot*, 182 Fed. Appx. 442 456 (6th Cir. 2006)).

Plaintiff's counsel asserts that all twenty one of the Defendant's proffered affirmative defenses are, as a matter of law, inadequately pleaded and legally insufficient. [CM/ECF Pg. 2]  As stated above, the rationale for this assertion is based on the *Twombly-Iqbal* heightened pleading standard for affirmative defenses as set forth in *HCRI TRS Acquirer, LLC v. Iwer*.  However, based upon recent holdings of this Court in *Peters v. Credit Protection Ass'n LP* and *Hiles v. Army Review Board Agency*, the Defendant was only required to provide Plaintiff and its counsel fair notice of the nature

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

of her defenses; therefore, as a matter of law, all twenty one of the Defendant's proffered defenses were adequately pled, legally sufficient and should not be stricken by this Court

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Malibu Media's Motion to Strike Defendant's Untimely and Legally Insufficient Answer and Affirmative Defenses.

Respectfully submitted,

By: /s/ Thomas M. Kollin
THOMAS M. KOLLIN #0066964
ATTORNEY FOR DEFENDANT
The Kollin Firm, LLC
2372 Lakeview Drive, Suite H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666

By: /s/ Gregory O. Cox
GREGORY O. COX #0087222
ATTORNEY FOR DEFENDANT
The Kollin Firm, LLC
2372 Lakeview Drive, Suite H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666

THE KOLLIN FIRM, LLC
2372 Lakeview Dr., Ste H
Beavercreek, Ohio 45431
TEL: 937-490-4700
FAX: 937-490-4666
www.kollinfirm.com
kollin@kollinfirm.com
cox@kollinfirm.com

## CERTIFICATE OF SERVICE

   I hereby certify that on January 30, 2015, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


         By: ___/s/ Gregory O. Cox_____
           Gregory O. Cox, 0087222

**THE KOLLIN FIRM, LLC**

**2372 Lakeview Dr., Ste H**
**Beavercreek, Ohio 45431**
**TEL:  937-490-4700**
**FAX:  937-490-4666**
**www.kollinfirm.com**
**kollin@kollinfirm.com**
**cox@kollinfirm.com**